UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

MARIEFRANCE SYLVAIN-JOSEPH,
Plaintiff,

vs.

ORLANDO HEALTH, INC.,
a Florida corporation,
Defendant.
_____/

COMPLAINT

Plaintiff, Mariefrance Sylvain-Joseph, hereby files her Complaint against the Defendant, Orlando Health, Inc., and the Plaintiff, hereby alleges, as follows:

I.
NATURE OF THE CLAIM

1. Plaintiff, Mariefrance Sylvain-Joseph, was previously employed by the Defendant, Orlando Health, Inc., in the position of Registered Nurse ("RN") Case Manager/Documentation Specialist. On or about December 8, 2021, the Plaintiff requested to work remotely, off-site, as an accommodation, under the Family Medical Leave Act of 1993; to care for her four year old minor son, who has a serious health condition, namely, intractable epilepsy; and although the pertinent FMLA documentation, was initially approved by the Defendant's management, through the actions of a third party administrator, on or about December 29, 2021, and continuing until November 30, 2022,

1

however, approximately eight months thereafter, the Defendant abruptly, and without any legal, factual, or reasonable justification, unlawfully disavowed the continuation of the FMLA leave, on August 22, 2022, in violation of 29 U.S.C. Section 2615 (a)(1), and as a result, the Plaintiff was terminated from her employment, with the Defendant, on August 26, 2022, immediately following the unlawful denial and the retraction of the Plaintiff's previously approved, and needed FMLA accommodation, by the Defendant, Orlando Health, Inc..

2. Defendant, Orlando Herath, Inc., on August 26, 2022, violated the Family Medical Leave Act, 29 U.S.C. Section 2614 (a)(1), by interfering with, restraining or denying Plaintiff's legal right to medical leave, which the Defendant had previously approved, through November 30, 2022.

3. Defendant, Orlando Health, Inc., violated the Family Medical Leave Act, 29 U.S.C. Section 2615 (a)(2), by implementing an unlawful termination of the Plaintiff, on or about August 26, 2022, in response to the taking of FMLA leave by the Plaintiff, even though the Defendant had previously approved the Plaintiff's FMLA leave, continuing through November 30, 2022, and even though the continued remote work, exercised and undertaken by the Plaintiff, did not present any harm to the Defendant's continued business operations, and the quality of care offered to its patients, both children and adults.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. Sections 1331 and 1343, as this action involves federal questions regarding the deprivations of the Plaintiff's rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2601, *et seq*.

5. Plaintiff worked for a covered employer under the FMLA, she had worked for the employer for a period in excess of twelve months, she had at least 1,250 hours of credited service, during the twelve (12) months immediately prior to the leave; and she worked at a location where the employer had at least fifty (50) employees within a seventy-five (75)-mile radius.

6. The request for medical leave had been lawfully requested by the Plaintiff; and it was approved by management, in order to enable the Plaintiff to care for her minor son, who has a serious health condition, namely, intractable epilepsy, which required continuous medical care, *see*, 29 C.F.R. Section 825.115 (e), as well as the Plaintiff's immediate care and attention.

7. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 (b), because a substantial part of the events, or missions, giving rise to this action, involving the unlawful employment practices alleged herein, committed by the management of the Defendant, occurred in this district.

## III.
## PARTIES

8. Plaintiff, Mariefrance Sylvain-Joseph ("SYLVAIN-JOSEPH"), had been employed by the Defendant, Orlando Health, Inc., since January of 2019, in the position of Registered Nurse ("RN") Case Manager/Documentation Specialist; where her primary job function was to review prescribed medications for patients, for medical necessit6y; she is a resident of the State of Florida; and at all relevant times, herein, she met the definition of an "employee," and or an eligible employee, under the applicable statute, and she is to be treated as an "employee," pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. Section 2611 (2)(a).

9. Defendant, Orlando Health, Inc., operates and administers health care facilities, for the care of children and adults, in the Central Florida, Orlando area, it qualified as the employer of the Plaintiff, under 29 U.S.C. Section 2611 (4)(A); and its management administers personnel policies and practices over its employees, including the application of the Family Medical Leave Act of 1993, for its employees, under its control and administration, including the Plaintiff, herein, SYLVAIN-JOSEPH.

## IV.
## FACTUAL ALLEGATIONS

10. As an RN Case Manager/Documentation Specialist, the principal job function of the Plaintiff, SYLVAIN-JOSEPH, is to review for medical necessity, a patient's eligibility to obtain chemo-therapy medications, to ensure that the patient, can obtain insurance reimbursement; this principal job function is conducted, through the use of a computer,

4

with the use of a system, known as, "EPIC," where the Plaintiff would receive the orders of treating physicians, and then, Plaintiff would review applicable guidelines, to make certain that expense reimbursement could be obtained through payments from insurance carriers.

11. Moreover, the essential function of the Plaintiff's position, as an RN Case Manager/Documentation Specialist, eligibility review for medical necessity, is accomplished through email and or remote based communications, though the EPIC computer-based system with multiple members of the Defendant's medical staff, including treating physicians, clinical nurses, pharmacy personnel and members of the medical staff authorization team.

12. Throughout Plaintiff's employment, as an RN Case Manager/Documentation Specialist, SYLVAIN JOSEPH was not required, nor did she need to have, direct communication with patients and or their family members.

13. Plaintiff's minor son, four-year-old Jomaurrhi, was diagnosed with a condition, known as intractable epilepsy, in May of 2021, and because of this condition, he is susceptible to seizures, and consequently, he cannot be alone without constant care and supervision.

14. Because Plaintiff's son could be susceptible for seizures at any given time, possibly on a frequent basis, his treating physicians opined that the Plaintiff should remain at home, to attend to her son, in order to fulfill the Plaintiff's role as the child's sole caretaker.

15. Based on the severity of her son's medical condition, Plaintiff initially requested medical leave, pursuant to the FMLA, on December 2, 2021.

16. On December 7, 2021, Plaintiff's sent a text message to her immediate manager, Maria Gigi Donohue ("DONOHUE"), indicating that the Plaintiff needed to work remotely, to care for her son, and this request constituted an accommodation, pursuant to the FMLA.

17. On December 8, 2021, DONOHUE responded to the Plaintiff's text message of December 7, 2021, and DONOHUE directed the Plaintiff to send a confirmatory email message, outlining her critical need for remote work.

18. On December 10, 2021, the Plaintiff sent her immediate manager, DONOHUE, an email communication, this email message was also sent to DONOHOE's manager, Sheri Blanchard ("BLANCHARD"), this email message contained a request for full time remote work, in order to care for her son, along with pertinent medical documentation, which had been completed by her son's treating physician, pursuant to the FMLA.

19. A third-party administrator, the REEDGROUP, acting on behalf of the Defendant, approved the Plaintiff's request for FMLA leave, as an accommodation to care for and monitor her son as his sole caretaker, on December 29, 2021, and in addition, the approval for full time remote work, was authorized by Plaintiff's immediate manager, DONOHUE.

20. Following the approval of remote work as an accommodation, pursuant to the FMLA, the Plaintiff continued to perform her job duties successfully as an, RN Case Manager/Documentation Specialist, in a fully competent and satisfactory manner.

21. The REEDGROUP, a third-party administrator, acting on behalf of the Defendant, renewed the Plaintiff's FMLA leave request, as an accommodation to care for and monitor her son, as his sole caretaker, on June 24, 2022, and the approval status was continued as being fully

approved, until November 30, 2022. [*See*, the REEDGROUP's Approval E-mail, which is attached hereto, as **EXHIBIT A**].

22. The treating physicians for the Plaintiff's minor son, had submitted medical documentation, in December of 2021, and in June of 2022, requesting that the Defendant's management, approve the remote accommodation, as being a permanent accommodation; however, as stated, management, acting through a third-party administrator, the REEDGROUP, had approved the remote accommodation, under the FMLA, until November 30, 2022.

23. However, on July 28, 2022, Plaintiff reached out to her supervisor, DONOHOE, pertaining to a form which management requested her to complete for onsite work; but because the Plaintiff was still working remotely, based on the FMLA approval, she questioned how she could complete this form, given her approved remote status.

24. On July 29, 2022, DONOHOE then stated, to the Plaintiff, in a hostile and agitated manner, that she did not care if the treating physician had approved the remote work, DONOHOE informed the Plaintiff of other positions which existed, if she still needed to work full time on a remote basis, DONOHUE also stated that remote work was a "privilege," but DONOHOE also incredibly said that FMLA "has nothing to do with the accommodation."

25. Plaintiff then proceeded to contact the applicable Human Resources Representative, for the Defendant, Emily Cave ("CAVE"), to report DONOHOE's behavior, with regard to the applicable medical leave, and to reinstate and or continue her remote work status.

26. Plaintiff also reached out to the Chief Executive Officer ("CEO") of the Defendant, David Strong ("STRONG"), to report DONOHOE's erratic behavior and to confirm the continuation of her remote work status; but STRONG apparently instructed his office assistant, Karen Frenier ("FRENIER"), to allow the Human Resources Department to address the Plaintiff's concerns.

27. In short, because the Human Resources Department was already involved, FRENIER, acting as STRONG's representative, declined the involvement of the CEO's Office, regarding the status of the Plaintiff's accommodation, for remote work, pursuant to the FMLA, and the Human Resources Department was given the exclusive authority to address this issue, on behalf of the Plaintiff.

28. After the CEO, through FRENIER, declined to address the Plaintiff's continued need for an accommodation, pursuant to the FMLA, it was the Plaintiff's understanding that CAVE was to schedule a meeting, under the auspices of the Human Resources Department with the Plaintiff and DONOHUE in order to resolve the issue of Plaintiff's need for an accommodation under the FMLA, specifically, specifically, her need for remote work.

29. However, on Monday, August 22, 2022, CAVE directed the Plaintiff to attend a meeting, where CAVE did not honor the previously approved accommodation under the FMLA, but rather, CAVE presented the Plaintiff with a General Release Form, informing the Plaintiff that her last day of work would be August 26. 2022.

30. Moreover, during the August 22, 2022 meeting, CAVE informed the Plaintiff that her work unit could no longer honor her remote work status, even though the Plaintiff had completed

the FMLA documentation, which had been approved by management, through November 30, 2022.

31. During the August 22, 2022, meeting, CAVE informed the Plaintiff that her work unit, within the Defendant's organization, could no longer honor her remote work status, even though DONOHOE had previously approved full time remote work for the Plaintiff on a permanent basis, and then CAVE presented the Plaintiff with a separation agreement, CAVE took this position, despite the fact that Plaintiff's remote work accommodation, in no manner harmed her work group team, and moreover, other team members had been previously allowed to work remotely on a full time basis.

32. However, during the August 22, 2022, meeting, CAVE stated that the Plaintiff needed to find another position, within her discipline, with another employer, outside of the Defendant's organization, if she needed to remain on full time remote work status.

33. As of August of 2022, the essential functions of Plaintiff's job duties as an Registered Nurse ("RN") Case Manager/Documentation Specialist, had not changed, the essential functions of the position, with respect to medication eligibility and expense reimbursement, could still be performed on a remote basis; in short, there was no operational justification, for management to state, that the Defendant could no longer honor the previously approved FMLA leave, which had been renewed and continued as approved, until and including November 30, 2022.

34. By revoking the prior approval of Plaintiff's need for remote work, as an accommodation under the FMLA, the Defendant violated the FMLA approval, which had been approved by the Defendant, as continuing through at least November 30, 2022.

35. By revoking the prior approval for Plaintiff's remote work, pursuant to the FMLA, the Defendant unlawfully interfered and or restrained Plaintiff's rights under the FMLA, for which there is no legal justification.

36. By terminating the Plaintiff's employment while she was on an approved FMLA status, the Defendant unlawfully retaliated against the Plaintiff for the lawful exercise of her rights under the FMLA, also for which there is no legal justification.

## COUNT I
## (UNLAWFUL INTERFERENCE WITH FMLA LEAVE, IN VIOLATION OF THE FMLA)

37. Plaintiff restates and reavers the allegations contained in Paragraphs 1—36 of the Complaint, as if fully set forth herein.

38. To establish an FMLA interference claim, an employee must show that: (1) she was eligible for the FMLA protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied the FMLA leave benefits to which she was entitled.

39. To establish the first four elements as set forth above, Plaintiff need only assert that she took leave under the FMLA; and indeed, the Plaintiff requested and took such approved leave,

40. The fifth element, the denial of FMLA benefits, certainly occurred, here, since the abrupt termination and or cut off the Plaintiff's receipt of benefits, under the FMLA, clearly evidenced that the Defendant's adverse personnel action, was violative of the applicable statute, since FMLA approval was to continue, and the entitlement to the medical leave has been approved, through November 30, 2022.

41. At all material times herein, the Plaintiff was an "eligible employee," within the meaning of the Family Leave Act, pursuant to 29 U.S.C. Section 2601.

42. Furthermore, at all times relevant herein, the Defendant was a "covered employer," within the meaning of the FMLA.

43. By the actions described above, the Defendant violated the FMLA by unlawfully interfering, or denying the exercise of Plaintiff's rights, by terminating her employment just weeks before she was to end her medical leave, to care for her son, an action that would clearly unlawfully deter employees from exercising their rights under the FMLA.

44. The Defendant clearly interfered with, restrained and or denied the exercise of Plaintiff's FMLA rights, in violation of 29 U.S.C. Section 2614 (a)(1).

45. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered harm, and she continues, to suffer harm, for which she is entitled to an award of damages, to the greatest extent permitted by law, in addition to reasonable attorney's fees and expenses.

**WHEREFORE**, Plaintiff, Mariefrance Sylvain Joseph, prays that the Court enter judgment in her favor and against the Defendant, Orlando Health, Inc., for the following substantive remedial relief, pursuant to the FMLA:

A) A declaratory judgment that the actions, conduct and the practices complained of and undertaken by the Defendant, herein, violate federal law;

B) An award of damages against the Defendant, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and or economic damages;

C) An award of liquidated damages in an amount to be determined at trial;

D) Prejudgment interest on all amounts due;

E) An Award of reasonable attorney's fees, pursuant to 29 U.S.C. Section 2617 (a)(3), and reasonable costs; and

F) Such other and further relief as the Court may deem just and proper.

## COUNT II
## (RETALIATION, VIOLATION OF THE FMLA)

46. Plaintiff restates and reavers the allegations contained in Paragraphs 1—36 of the Complaint, as if fully set forth herein.

47. Furthermore, at all times relevant herein, the Defendant was a "covered employer," within the meaning of the FMLA.

48. To establish the elements of an FMLA retaliation claim, a plaintiff must show: (1) she was engaged in statutorily protected activity; (2) the defendant knew that Plaintiff was exercising her FMLA rights; (3) the plaintiff suffered an adverse employment action; and

(4) a causal connection existed between the protected FMLA activity and the adverse employment action.

49. In this case, Plaintiff was entitled to take FMLA leave to care for her minor son, based on his serious health condition; and there was a causal connection between the protected activity, the proper and lawful request for FMLA leave, and the adverse employment action, the dismissal of the Plaintiff from her employment with the Defendant.

50. Furthermore, at all times relevant herein, the Defendant was a "covered employer," within the meaning of the FMLA.

51. By the actions described above, the Defendant violated the FMLA, by unlawfully interfering, or denying the exercise of Plaintiff's rights, by terminating her employment just weeks before she was to end her medical leave, to care for her son, an action that would clearly deter employees from exercising their rights under the FMLA.

52. On or about August 26, 2022, the Defendant discharged the Plaintiff from her employment, in violation of 29 U.S.C. Section 2615 (a)(2), for the proper exercise of her rights under the FMLA, even though the Defendant had previously approved the Plaintiff's FMLA leave, continuing through November 30, 2022.

53. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered harm, and she continues to suffer harm, for which she is entitled, to an award of damages, to the greatest extent permitted by law, in addition to reasonable attorney's fees and expenses.

**WHEREFORE**, Plaintiff, Marie Sylvan Joseph, prays that the Court enter judgment in her favor and against the Defendant, Orlando Health, Inc., for the following substantive remedial relief, pursuant to the FMLA:

A) A declaratory judgment that the actions, conduct and the practices complained of violate federal law;

B) Issue a mandatory injunction, pursuant to 29 U.S.C. Section 2617 (1)(B), directing the Defendant to rehire the Plaintiff to rehire retroactive to August 26, 2022, to her position Registered Nurse ("RN") Case Manager/Documentation Specialist;

C) Issue a mandatory injunction, pursuant to 29 U.S.C. Section 2617 (1)(B), directing the Defendant to place Plaintiff on employment leave, retroactive to August 26, 2022;

D) Issue a mandatory injunction, pursuant to 29 U.S.C. Section 2617 (1)(B), directing the Defendant Issue a mandatory injunction, pursuant to 29 U.S.C. Section 2617 (1)(B), directing the Defendant to reinstate all of Plaintiff's employment benefits, including, but not limited to health insurance, retroactive to August 26, 2022;

E) Enter a judgment pursuant to 29 U.S.C. section 2617(a)(1)(A)(i)(II), against the Defendant and in favor of the Plaintiff for monetary losses Plaintiff sustained as a result of the Defendant's refusal to honor her previously approved FMLA leave;

F) An award of damages against the Defendant, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and or economic damages;

G) An award of liquidated damages, in an amount to be determined at trial;

H) Prejudgment interest on all amounts due;

I) An Award of reasonable attorney's fees and costs; pursuant to 29 U.S.C. Section 2617 (a)(3) and

J) Such other and further relief as the Court may deem just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury for all such issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for the Plaintiff
Mariefrance Sylvain-Joseph
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 11th day of October, 2022.

15